UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


LINDSEY SCOTT FRISK, JR.,

      Plaintiff,

v.                                  Case No. 3:22cv1718-LC-HTC

ESCAMBIA COUNTY
 CORRECTIONS DEPARTMENT,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Lindsey Scott Frisk, Jr. proceeding *pro se* initiated this action by filing a civil rights complaint against "Escambia County" purporting to state claims under 42 U.S.C. § 1983, complaining of medical treatment provided at the Escambia County Jail (the "Jail").  ECF Doc. 1.  As relief, Plaintiff seeks a medical marijuana prescription, officers to be trained and monetary damages.  *Id.*  The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Although the complaint was accompanied by a motion to proceed *in forma pauperis*, ECF Doc. 2, it was deficient and, thus, denied, ECF Doc. 4.  Plaintiff was given the opportunity to file a second motion, but has not done so.  Moreover, as discussed below, since the filing of this action, the Court has been unable to send

anything to Plaintiff and has received no filing from Plaintiff.  Instead, the Court's

notices and orders have been returned by the Jail, and the Jail has identified the

Defendant as homeless.  Thus, because Plaintiff has completely failed to respond to

this Court's orders and the Court does not have a current address for Plaintiff, the

undersigned respectfully recommends this case be dismissed without prejudice for

failure to prosecute and failure to comply with an order of the Court.

As the docket reflects, when Plaintiff initiated this action, he was a pre-trial

detainee at the Jail.  However, based on the Jail's inmate locator, Plaintiff was

released from custody on February 5, 2022.  Plaintiff, however, did not notify the

Court of any changes in his address.  Not knowing Plaintiff had been released from

the Jail, on February 14, 2022, the Court entered an order denying Plaintiff's motion

to proceed *in forma pauperis* as it was deficient and directing Plaintiff to, within

fourteen (14) days, file a notice of intent if he wished to proceed with the prosecution

of this case.  ECF Doc. 4.  Plaintiff was advised that if he did not timely respond to

the Court's order, the undersigned would recommend his case be dismissed for

failure to prosecute.  *Id.* at 3.

Plaintiff did not respond to the Court's order and his failure to do so is ground

for dismissal.  This Circuit has routinely held that "dismissal upon disregard of an

order, especially where the [Plaintiff] has been forewarned, generally is not an abuse

of discretion."  *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x

Case No. 3:22cv1718-LC-HTC

912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, on February 22, 2022, the Court's notice to pro se litigant was returned from the Jail as undeliverable.  ECF Doc. 5.  Similarly, on February 24, 2022, the Court's February 14, 2022, order was also returned from the Jail as undeliverable. ECF Doc. 6.  Plaintiff's failure to provide a current address to the Court is a second ground for dismissal of this action.  *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Finally, dismissal is also appropriate for failure to prosecute because Plaintiff has not filed anything with the Court since initiating this action.  Under Rule 41(b)

of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with Court orders, and failure to keep the Court apprised of his address.

2.     That the clerk be directed to close the file.

At Pensacola, Florida, this this 2nd day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:22cv1718-LC-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv1718-LC-HTC